## UNITED STATE DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Staehr and David Stueve,<br><br>    Plaintiffs,<br><br>v.<br><br>Western Capital Resources, Inc., WERCS,<br>John Quandahl, Mark Houlton,<br>Robert Moberly, James Mandel, WCR,<br>LLC, and Blackstreet Capital Partners, II,<br>LLP,<br><br>    Defendants. | Court File No.:_____<br><br><br>**DEFENDANTS' NOTICE OF<br>REMOVAL** |

**TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1441, Defendants, with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, hereby remove to this Court the state action described below.  Defendants state further as follows:

### THE STATE COURT ACTION

1.    Plaintiffs, Steven Staehr and David Stueve, commenced a civil action styled *Steven Staehr & David Stueve v. Western Capital Resources, Inc., WERCS, John Quandahl, Mark Houlton, Robert Moberly, James Mandel, WCR, LLC, and Blackstreet Capital Partners, II, LP*, in Minnesota State Court, County of Hennepin, Fourth Judicial District (the "Action").

## COMMENCEMENT OF THE ACTION

2.      The Action was commenced when Plaintiffs served the Summons and Complaint on Defendants on March 26, 2010.  This Notice of Removal is timely, in that it is being filed within thirty (30) days of receipt of the Summons and Complaint by Defendants.

## RECORD IN STATE COURT

3.      Plaintiffs have not yet filed this Action in the District Court of Hennepin County.  The following pleadings encompass all of the pleadings received or filed by Defendants in this action up to the present time:  Summons and Complaint, a true and correct copy is attached as Exhibit A.

## NATURE AND DESCRIPTION OF CASE

4.      Plaintiffs' claims arise in connection with the sale by WERCS of its stock in Western Capital Resources, Inc. ("Western Capital") to WCR, LLC.

## APPLICABLE STATUTES

5.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and the action is removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1446.

## GROUNDS FOR REMOVAL

6.      This Court has original federal question subject matter jurisdiction over this action, without regard to the amount in controversy, pursuant to 28 U.S.C. § 1331.

7.      This Court has federal question jurisdiction over Plaintiffs' claims because the Plaintiffs' right to relief necessarily depends on resolution of a substantial question of

federal law.  Plaintiffs' Complaint seeks (i) damages for breach of fiduciary duty and aiding and abetting the breach of fiduciary duty (Counts 1 and 2), (ii) injunctive relief (Count 3), and (iii) a declaratory judgment (Count 4).

8.     Plaintiffs, who are shareholders of Western Capital, allege that "[a]n actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties." (Compl. ¶ 66-67.)  They ask the Court to make a judicial determination of "Defendants' obligations to Plaintiffs," regarding the "rights, duties, and obligations related to the Proxy Statement[.]"  (*Id.* ¶ 67.)  Additionally, Plaintiffs allege that Defendants breached their fiduciary duties in connection with the Proxy Statement by, among other things, failing "to provide shareholders with all information necessary to make an informed decision in connection with the preferred stock sale" by WERCS to WCR, LLC  (*id.* ¶ 19); filing a Proxy Statement that "suffer[ed] from numerous material deficiencies" including that it did "not adequately disclose" various matters related to the sale of WERCS's Western Capital stock (*id.* ¶ 44); and using an "inadequate Proxy Statement." (*Id.* ¶ 52(b).)

9.     Defendants' duties and obligations with respect to proxy solicitations are governed by federal law.  The Securities and Exchange Act of 1934 ("the Act") regulates the sales of securities in the secondary market. *See* 15 U.S.C. §§ 78 *et seq.*; *see also* 17 C.F.R. §§ 240.01 *et seq.*  The Act, particularly Section 14(a), was adopted to address state corporate law's silence on the issue of corporate communications with shareholders. *See* 15 U.S.C. § 78n; 17 C.F.R. § 240.14(a).  Section 14(a) of the Act authorizes the SEC to regulate the mechanics of the proxy solicitation and the information that must be

3

furnished to a shareholder when his proxy is solicited. "The purpose of 14(a) is to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure in proxy solicitation." *J. I. Case Co. v. Borak*, 377 U.S. 426, 431 (1964) (discussing the congressional rationale for Section 14(a)).

10. Federal question jurisdiction exists where the vindication of a right under state law necessarily turns on construction of federal law. Although Plaintiffs have not specifically identified in the Complaint the federal securities laws governing their claims, removal is still appropriate under this Court's federal question jurisdiction because it is clear from the face of the Complaint that the claims present a federal question. *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 779-80 (8th Cir. 2009) (where plaintiff pleaded only state law claims, federal court had removal jurisdiction because allegations directly implicated actions taken by the Securities and Exchange Commission); *Indeck Maine Energy, L.L.C. v. ISO New England Inc.*, 167 F. Supp. 2d 675, 690 (D. Del. 2001) (upholding removal where plaintiff's breach of contract claims actually were challenges to federal tariff rules; "artful pleading doctrine does not permit litigants to 'frustrate a defendant's right of removal by carefully pleading the case without reference to any federal law'").

11. A federal court has jurisdiction over a declaratory claim, if a federal question arising under federal law is the actual controversy presented by the declaratory claim. 28 U.S.C. § 2201; *see also Starter Corp. v. Converse, Inc*, 84 F.3d 592, 595 (2nd Cir. 1996). In this case, Plaintiffs allege that "an actual controversy" exists and expressly

4

ask the Court to determine Defendants' rights, duties, and obligations under the federal disclosure laws. (Compl. ¶ 66-67.) Since proxy solicitations are governed by Section 14(a) of the Act, in order to decide this claim, the Court will have to construe federal law to determine Defendants' duties and obligations. This claim falls squarely within the Act.

12.    Plaintiffs also challenge the adequacy and effectiveness of the proxy disclosures, alleging that Defendants breached their fiduciary duties by filing false, misleading, and inadequate proxy solicitations. (Compl. ¶¶ 42-47.) Plaintiffs allege that the misleading proxy statements effectuated the adoption of the Stock Purchase and Sale Agreement contract. To that end, they seek injunctive relief relating directly to the alleged misleading disclosures: "[u]nless the Stock Purchase and Sale Agreement is enjoined by the Court, the individual Defendants . . . will not supply to Western Capital's minority stockholders sufficient information to enable them to cast informed votes." (*Id.* ¶ 56.) Plaintiffs allege that they "will be irreparably harmed in that they will not receive their fair portion of the value of Western Capital's assets and operations." (*Id.*) To decide Plaintiffs' fiduciary duty claims, the Court must determine whether Defendants' disclosures were adequate. The adequacy of the disclosures is a substantial controversy in this Action. Because proxy solicitations are regulated by federal law, the adequacy and effectiveness of Defendants' proxy solicitation is a federal question.

## CONCURRENT NOTICE TO STATE COURT

13.    Defendants are concurrently filing a Notification of Filing of Notice of Removal with the Clerk of the Hennepin County District Court for the State Court of

Minnesota, pursuant to 28 U.S.C. § 1446(d).  A copy of this notice will also be served on

counsel for Plaintiffs.  A true and correct copy of the Notification is attached as Exhibit B

(without attached exhibit).

        **WHEREFORE**, Defendants respectfully notify this Court that, pursuant to 12

U.S.C. § 1441, this Action has been removed from the United States District Court for

the District of Minnesota.

Dated: April 26, 2010                   **MASLON EDELMAN BORMAN & BRAND, LLP**

                                          By:    s/ Nadege J. Souvenir
                                               Wayne S. Moskowitz (#17936X)
                                               Richard G. Wilson (#16544X)
                                             Nadege J. Souvenir (#0387957)
                                      3300 Wells Fargo Center
                                      90 South Seventh Street
                                      Minneapolis, MN 55402
                                      Tel:   612.672.8200
                                      Fax:   612.672.8397

                                      **ATTORNEYS FOR DEFENDANTS**

725692v3

6