UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Staehr and David Stueve,  Civil No. 10-1806 (JNE/FLN)

    Plaintiffs,

v. **REPORT AND RECOMMENDATION**

Western Capital Resources, Inc., et al.,

    Defendants.

---

Sean A. Shiff for Plaintiffs.
Richard G. Wilson for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 16, 2010 on Plaintiffs' Motion to Remand [#7]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion be **DENIED**.

## I.  BACKGROUND

Plaintiffs, holders of Defendant Western Capital Resource, Inc. ("Western Capital") common stock, filed a complaint in state court alleging that Defendants breached their fiduciary duties by pursuing a sale of Western Capital stock, held by WERCS, to Blackstreet Capital Partners, II, LP. (Compl. ¶ 1.) Plaintiffs' complaint sets forth four claims against Defendants: 1) Count One: Breach of Fiduciary Duty Against Individual Defendants; 2) Count Two: Aiding and Abetting Breaches of Fiduciary Duty; 3) Count Three: Injunctive Relief; and 4) Count Four: Declaratory Judgment.

1

(Compl.) Notably, Count Four states, in part:

> Plaintiffs desire a judicial determination of Plaintiffs' rights and duties, as well as Defendants' obligations to Plaintiffs and the public shareholders of the Company, including but not limited to such rights, duties, and obligations related to the Proxy Statement, the Stock Purchase and Sale Agreement Statement, and the proposed vote to render the Minnesota Control Share Act inapplicable to the Company.

(Compl. ¶ 67.)

Plaintiffs emphasize the inadequacy of the Proxy Statement throughout their complaint. (*See e.g.* Compl. ¶ 52(b).) Plaintiffs further allege that the Proxy Statement, filed by Western Capital with the Securities and Exchange Commission ("SEC"), as well as the Stock Purchase and Sale Agreement Statement "suffer from numerous material deficiencies, which have prevented shareholders and prospective bidders alike from determining Western Capital's preferred stock's true value" and describe the alleged deficiencies in detail. (Compl. ¶¶ 42-44.)

Defendants removed the action to federal court. (ECF No. 1.) Plaintiffs now move to remand.

## II. RELEVANT LEGAL STANDARD

The federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under" federal law only where a plaintiff's well-pleaded complaint "raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987) ("The well-pleaded complaint rule is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts."); *Gully v. First Nat'l Bank,* 299 U.S. 109 (1936); *see Crews v. Gen. Am. Life Ins. Co.,* 274 F.3d 502, 504 (8th Cir. 2001).

Under the well-pleaded complaint rule, a case in which federal jurisdiction is based on a federal question ordinarily is not removable unless the "federal question is presented on the face of

the plaintiff's properly pleaded complaint." *Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1220 (8th Cir. 2006) (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)). As the master of the claim, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392.

The United States Supreme Court has recognized that federal courts have the power to decide certain state law claims involved in cases raising federal questions. *Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *St. John v. Int'l Assoc. of Machinists and Aerospace Workers*, 139 F.3d 1214, 1216-17 (8th Cir. 1998). More specifically, a federal court has jurisdiction over an entire action, including state law claims, whenever the federal claims and state claims "derive from a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725; 28 U.S.C. § 1367(a).

Under 28 U.S.C. § 1441, a defendant may remove a civil action filed in state court to the district court of the United States embracing the place where such action is pending. 28 U.S.C. § 1441; *Cohill*, 484 U.S. at 345-46; *St. John*, 139 F.3d at 1216-17. Remand to state court is proper, however, if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence, and the court must resolve all doubts in favor of a remand to state court. *In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir. 1983) (citing *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006,1010 (3d Cir. 1987) *cert. dismissed* 484 U.S. 1021 (1988)).

### III. CONCLUSIONS OF LAW

## A. The Securities Exchange Act of 1934 Governs Proxy Statements.

The Securities Exchange Act of 1934 ("Exchange Act"), mandates exclusive federal jurisdiction over securities violations. In relevant part, it states:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violation of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder . . . .

15 U.S.C. § 78aa.

Section 14(a) of the Exchange Act authorizes the SEC to regulate the contents of proxy solicitations. *See* 15 U.S.C. § 78n(a). The purpose of section 14(a) "is to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure in proxy solicitation." *J. I. Case Co. v. Borak*, 377 U.S. 426, 431 (1964).

Regulation 14a-9 provides, in part:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

17 C.F.R. § 240.14a-9(a).

Plaintiffs' complaint "raises issues of federal law" because Defendants' duties and obligations with respect to proxy solicitations are governed by federal law. *See* 15 U.S.C. §§ 78, *et seq.*; *see also* 17 C.F.R. §§ 240.01, *et seq*. Although the complaint does not expressly allege a violation of any specific federal statute or SEC rule related to the Proxy Statement, removal is appropriate because it is clear from the face of the complaint that the adequacy of the proxy

4

materials, a matter governed by federal law, is a central issue in the instant case. The claims asserted require the resolution of a federal question: whether Defendants' proxy solicitations were materially misleading. Additionally, since proxy solicitations are governed by Section 14(a) of the Exchange Act, a determination of Defendants' duties and obligations with respect to the Proxy Statement (sought in the declaratory judgment count) inherently requires the construction and application of federal law.

### B. Plaintiffs' Declaratory Judgment Claim Is Governed, In Part, By Federal Law.

Plaintiffs' claim for declaratory judgment raises a federal question because Defendants' duties and obligations with respect to proxy solicitations are governed by federal law. *See* 15 U.S.C. §§ 78, *et seq.*; *see also* 17 C.F.R. §§ 240.01, *et seq.*

Count Four of the complaint seeks a declaratory judgment. This count is largely based on the alleged inadequacy of Defendants' proxy disclosures. (Compl. ¶ 67.) Here, as masters of their claims, Plaintiffs opted to seek relief, in part, in the form of a judicial determination of Defendants' duties and obligations with respect to the Proxy Statement. Those duties and obligations are regulated by the SEC and dictated by federal law.

Because proxy solicitations are governed by federal law, the adequacy of Defendants' Proxy Statement raises a federal question. This federal question is apparent on the face of Plaintiffs' complaint. For these reasons, the Court finds that removal of the action was proper. Defendants have established federal jurisdiction by a preponderance of the evidence. Accordingly, Plaintiffs' motion to remand should be denied.

### IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that Plaintiffs' Motion to Remand [#7] be **DENIED**.

DATED: September 24, 2010              *s/ Franklin L. Noel*
                                       FRANKLIN L. NOEL
                                       United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 8, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 8, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.